WILLIAM M. NARUS, CAB #243633
Acting United States Attorney
District of Oregon
**GREGORY R. NYHUS, OSB #913841**
greg.r.nyhus@usdoj.gov
**MIRA CHERNICK, MAB #696845**
mira.chernick@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-cr-00131-IM |
| v. | **GOVERNMENT'S REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO REVOKE RELEASE ORDER** |
| **JASON DAVID CAMPOS,** | |
| Defendant. | |

This Court has determined defendant poses a serious risk of flight and set a detention hearing for May 5, 2025. This Court should order detention because defendant poses a risk of non-appearance and a danger to the community and there is no combination of conditions that would reasonably assure his appearance for future proceedings in this district and the safety of the community.

I.   BACKGROUND

On Motion by the Government seeking a detention hearing and an order of detention (ECF No. 9), this Court stayed the release order issued in the Eastern District of California and

ordered that Defendant remain in the custody of the U.S. Marshal pending further order of the Court, having found that the Government presented sufficient information to demonstrate that Defendant poses a serious risk of flight (ECF No. 13).

On May 1, 2025, defendant filed a response (ECF No. 15), seeking pretrial release on conditions previously imposed in the Eastern District of California by Judge Peterson (EDCA ECF No. 7).

The United States respectfully replies.

## II.   LEGAL STANDARDS

There is little, if any, disagreement about the applicable law.

Both defendant and the government agree that review of a magistrate judge's release order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). So long as the government makes the threshold showing that the defendant falls under either § 3142(f)(1) or § 3142(f)(2), the court is authorized to hold a hearing and decide whether pretrial detention is warranted. 18 U.S.C. § 3142(e), (g). Regardless of whether the detention hearing is authorized under subsection (f)(1) or (f)(2), the court may evaluate all of the factors listed in § 3142(g).

The government bears the burden of establishing danger by clear and convincing evidence and risk of flight by a mere preponderance of the evidence. *See United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990). The court may order detention if either of those risks cannot be adequately mitigated. 18 U.S.C. § 3142(e).

## III.   DEFENDANT PRESENTS A SERIOUS RISK OF FLIGHT AND DEFENDANT WILL ATTEMPT TO THREATEN, INJURE OR INTIMIDATE THE PRIMARY WITNESS.

At the Bail Reform Act's threshold, this Court held that "the Government presented sufficient information to demonstrate that Defendant poses a serious risk of flight," and

authorized a detention hearing on that basis. 18 U.S.C. § 3142(e), (f)(2). The issue presented now is whether there are any conditions or combination of conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community," or whether pretrial detention is needed to do so. 18 U.S.C. § 3142(e). Defendant poses both risks and there are no conditions that will adequately mitigate them.

### A. Risk of Nonappearance

As detailed in the government's initial motion for a detention hearing, and in its Motion to Revoke Release Order, defendant has significant financial means, transferable skills, international connections, and a great deal to lose and is incentivized to flee. Defendant is facing a total sentence of approximately five years in prison. *See* ECF Nos. 8, 9.

Defendant argues that he is not a risk of nonappearance, pointing out that he has not fled even with his knowledge of the investigation and potential charges; he hired attorneys when faced with his legal difficulties and protests that he values his liberty, family and employment. He further argues that his assertion of his right to have his matter presented to a Grand Jury is somehow evidence of his lack of incentive to flee. Defendant's Response, ECF No. 15 at pp. 4-6. Release is appropriate, he argues, because he has remained in the United States for more than two years since the execution of a search warrant at his home in February 2023.

Until defendant's arrest, this confidence and misplaced security was rooted in an honest belief that the evidence supporting the allegations against him – at least to that point – was merely circumstantial, difficult and attenuated. It was, until mid-March 2025. Between the search warrant and his arrest, during which defendant chose not to flee, defendant did not know or anticipate that his phone – which was far younger than his decade-long campaign of harassment, and which investigators were unable to access for over a year – –would eventually

reveal a trove of evidence regarding his offense conduct, resulting in a tectonic shift in the proof of the allegations against him. Not only had defendant continued to maintain possession of AV1's nude photos for more than a decade and across generations of new devices, his password keeper and internet history and chat records also showed that time had not abated his obsession. Indeed, his stalking of the victim in this case continued up until the morning of the search warrant.

The calculus of flight – and defendant's risk – is not the same now as it was for nearly two years when the case against him was both less serious and more difficult to prove.

### B. Risk of Intimidation

Over the course of 14 years, including periods during which he was working as he is currently employed, and during a time when he was on parole in the State of California, defendant engaged in a protracted and focused campaign of intimidation and harassment against Adult Victim 1 (AV1). His demonstrated obsession with AV1 is underscored by his last internet search for variations of AV1's name and "naked," which occurred the morning federal agents knocked on his door with a search warrant.

Defendant points out that the government has not produced evidence that defendant has continued in his course of conduct, which is true: the government does not have evidence that defendant has posted additional images or created new accounts with the aim of furthering his campaign. But that is not the test – it is the magnitude of the risk that the Court is to be concerned with, and here that risk is substantial.

This Court should also find that the government has shown sufficient evidence of a risk of interference with the victim and proceed with the hearing on detention. 18 U.S.C. § 3242(f)(2).

### C. No conditions can reasonably assure defendant's appearance and protect the community from the danger posed by defendant's release.

This Court cannot fashion any combination of conditions that would reasonably assure defendant's appearance at future proceedings. As established by the government's earlier submissions, each of the relevant factors enumerated in § 3142(g) weigh in favor of detention.

The egregious nature and circumstances of the offense, when combined with an estimated five-year sentence, the substantial weight of the evidence, and the fact that defendant's release would pose a danger to the community require detention. The history and characteristics of the defendant demonstrate his willingness to offend while on supervision. His persistence in sexually offending against young women, in person and online, for more than a decade and despite repeated police contact, incarceration, and state supervision, demonstrates the nature and seriousness of the danger he poses to the community and the inability of conditions to mitigate that danger.

The conditions of release imposed by the Magistrate Judge and urged by defendant cannot reasonably assure defendant's appearance—nor could any realistic set of restrictions do so in these circumstances. Defendant is a motivated, creative and computer-savvy predator whose release endangers the community. His prior willingness to violate the law while on supervision is compelling. And defendant's use of his employer's computer – on which artifacts of his campaign were found – is further evidence of the risks he will take to commit his crimes.

Nor does the existing release order adequately address the risk that defendant will resume his conduct against Adult Victim 1, for the myriad reasons previously set forth.

### IV. CONCLUSION

The government believes that defendant poses a high risk of flight and of interfering with the victim in this case if he is released, and a detention hearing is appropriate on both grounds.

**Government's Reply in Support of Motion to Revoke**     **Page 5**
**Defendant's Release**

The statutory considerations, and particularly the danger defendant presents to the community, require that defendant be detained.

Dated: May 2, 2025.                                  Respectfully submitted,

                WILLIAM M. NARUS
                Acting United States Attorney


                /s/ *Gregory R. Nyhus*
                GREGORY R. NYHUS, OSB #913841
                MIRA CHERNICK, MAB #696845
                Assistant United States Attorneys