**WHITNEY P. BOISE, OSB No. 851570**
whitney@boisematthews.com
BOISE MATTHEWS LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
Telephone: (503) 228-0487
Fax: (503) 227-5984

Of Attorneys for Defendant Jason David Campos

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. **3:25-cr-00131-IM** |
| Plaintiff, | |
| v. | **DEFENDANT'S REQUEST FOR DISCOVERY** |
| **JASON DAVID CAMPOS**, | |
| Defendant. | |

Pursuant to Federal Rule of Criminal Procedure 12, defendant, Jason David Campos, by and through his counsel, Whitney P. Boise and Boise Matthews LLP, hereby requests the government make the information and material requested hereafter available for discovery, inspection and/or copying by defendant.

Defendant makes this request to promote an expeditious and fair determination of the charges, whether by plea or trial; providing defendant sufficient information to make informed pleas; permitting defendant thoroughly to prepare for trial and to minimize surprise at trial; avoiding unnecessary delay and/or repetitious trials by exposing any latent procedural or

Page 1 – DEFENDANT'S REQUEST FOR DISCOVERY

constitutional issue and affording remedies therefore before trial; reducing interruptions and complications of trial by identifying issues collateral to guilt or innocence and determining them before trial; effecting economies of time, money, judicial and professional talents by minimizing paper work, repetitious assertions of issues, or number of separate hearings; affording defendant the opportunity for effective cross-examination; and meeting the requirements of procedural due process guaranteed to defendant. *See United States v. Armstrong,* 517 U.S. 456, 475 (1996) (Breyer J., concurring) (Rule 16 is "intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." (quoting Advisory Committee's Notes on Fed. R. Crim. P. 16, 18 U.S.C. App., p. 761)).

As used in this motion, the phrase "the government" includes the government of the United States, any agency or department thereof, any state or local law enforcement or regulatory agency, and any of their agents or employees who aided, abetted, counseled, procured or participated in any investigation (1) related to or arising out of any of the facts to which reference is made in the Indictment; or (2) of any of the persons and entities named therein, whether or not as a defendant and whether or not related to or arising out of any of the facts to which reference is made in the Indictment.

As used in this motion, the phrase "information and material" refers to information and material presently in the possession of the government and all information and material which subsequently comes into the possession of the government. Defendant requests the government produce such information and material on a continuing basis without need for further demand by defendant.

In ordering compliance with this discovery motion, defendant further requests the United States Department of Justice make an affirmative inquiry of agencies and departments of the United States and state and local jurisdictions to determine whether any of them has in its possession any information or material responsive to this Request and if so, immediately make

Page 2 – DEFENDANT'S REQUEST FOR DISCOVERY

**BOISE MATTHEWS LLP**
121 SW Morrison St. Suite 700
Portland, OR 97204
Telephone: (503) 228-0487
Facsimile: (503) 227-5984

such available to the United States Department of Justice so that disclosure can then be made to defendant well before trial, without further demand, and in sufficient time to allow defendant to use it effectively in his defense. *See, e.g., United States v. Bryan,* 868 F.2d 1032 (9th Cir. 1989) ("closely connected investigative agencies"); *see also* U.S. Atty's Manual, §§ 9:5.000 & 9:5.001 (as revised eff. Oct. 19, 2006) ("Upon a defendant's request, the government must make available all information that is known to the attorney for the government or agents of law enforcement involved in the investigation of the case that is either exculpatory or impeaching.").

In the event the government refuses to provide any or all disclosures, defendant requests that the government produce such information *in camera* for inspection and determination by the Court of whether such information shall be disclosed to defendant.

## INFORMATION AND DISCOVERY DEMANDED

The information and material which defendant requests be made available for discovery, inspection and copying is as follows:

1.      All disclosure required by Federal Rule of Criminal Procedure 16. The filing of this demand is supplemental to that explicitly addressed in the above rule and is not to be construed as a waiver or modification of defendant's right to mandatory, automatic disclosure by the government in compliance with said rule.

2.      Notice as required by Federal Rules of Criminal Procedure 12(d) of the government's intention to use in its case is chief in any evidence discoverable under Federal Rule of Criminal Procedure 16.

3.      Any and all exculpatory material under Brady *v. Maryland,* 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley,* 473 U.S. 667 (1985), *Kyles v. Whitley,* 514 U.S. 419 (1995), and their progeny. Defendant requests that the government furnish any evidence, material, or information within its possession or control, including information in the possession of any investigative agency, that favors or exculpates defendant, that tends to

Page 3 – DEFENDANT'S REQUEST FOR DISCOVERY

establish a defense in whole or in part, that impeaches any government witness, or that mitigates punishment. This request includes, but is not limited to, the following information and materials:

(a)    Evidence, material, or information tending to impeach the credibility of any person whom the government has relied upon in the investigation and prosecution of its case. *See Kyles v. Whitley,* 514 U.S. 419 (1995) (the *Brady* obligation to disclose impeachment evidence extends to non-witnesses such as police informants); *United States v. Bagley,* 473 U.S. 667 (1985). Such evidence may include:

(i)    Records of the witnesses' arrest or conviction maintained and prepared by the Federal Bureau of Investigation, the Drug Enforcement Administration, Oregon State Police, or any other law enforcement agency;

(ii)    Facts or allegations concerning criminal or other misconduct that is not reflected in a criminal record such as information found in probation files and information respecting pending criminal charges or investigations. *See United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988), *cert. den.,* 489 U.S. 1032 (1989) (probation file must be produced if material and relevant);

(iii)    Information contained in government agents' personnel files including evidence of prior misconduct and/or dishonesty. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), *reh'g den.*, 504 U.S. 935 (1992); *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984) ("material to the preparation of a defense.");

(iv)    Information tending to contradict the testimony that the government anticipates will be given by any government witness. *See McDowell v. Dixon*, 858 F.2d 945 (4th Cir.1988), *cert. den.,* 489 U.S. 1033 (1989) (prosecutor should have revealed that eye witness misidentified the defendant before trial);

Page 4 – DEFENDANT'S REQUEST FOR DISCOVERY

(b)    Evidence, material, or information tending to minimize or negate the probative value of the government's evidence. *See United States ex rel. Smith v. Fairman,* 769 F.2d 386 (7th Cir.1985) (report revealed gun alleged used by defendant was inoperable);

(c)    Evidence or information relating to searches and seizures that would make any search or seizure illegal;

(d)    Information respecting promises, agreements, or deals offered by any law enforcement agency to any witness or other person involved in this case. *Bagley v. United States,* 473 U.S. 667 (1985). This includes evidence that a witness has sought a financial inducement to testify or a promise of leniency. *Bagley v. Lumpkin,* 798 F.2d 1297 (9th Cir. 1986), *cert. den.,* 434 U.S. 939 (1977);

(e)    Information tending to lessen the impact of the sentencing guidelines on defendant in the event of a conviction, including, but not limited to, information concerning defendant's role in the offense, lesser quantities, and any evidence of acceptance of responsibility;

(f)    All information and material, including memoranda, notes, records or correspondence, maintained or in the possession of the government or any other regulatory and law enforcement agency regarding contacts, discussions, or agreements with persons identified as "confidential source," "cooperating witness" and/or "undercover agent." *See, e.g., United States v. Service Deli, Inc.*, 151 F.3d 938 (9th Cir. 1998);

(g)    All records, logs, calendars, or similar documents reflecting contacts between defendant and any regulatory, law enforcement or correctional officer at any time;

//

Page 5 – DEFENDANT'S REQUEST FOR DISCOVERY

      (h)     All notes, minutes, records, exhibits, recordings, testimony and transcripts of testimony of any Grand Jury that considered any part of the transaction or transactions for which defendant stands indicted; and

      (i)     All notes used by any witness. *See, e.g., United States v. Wallace*, 848 F.2d 1464 (9th Cir. 1988).

    4.     All information and material relating to or otherwise tending to record or communicate any:

      (a)     Oral, written or recorded statements made by defendant or any co-defendant to regulatory and investigating officers or third parties and in the possession of the government;

      (b)     Oral, written or recorded statements, and all original notes or memoranda regarding the statements of any person whom the government may call as witness at any stage of the proceedings in this case; and

      (c)     Oral, written and recorded statements and all original notes and memoranda regarding the statements of any person whom the government may call as a witness at any stage of the proceedings in this case reflecting a change, modification or alteration of a prior statement.

    5.     All physical or documentary evidence in the government's possession with respect to this case, whether it is intended to be offered as evidence or not, so that defendant may examine the same for exculpatory evidence.

    6.     All information and material relating to all records and communications, oral, written or recorded, of defendant, any co-defendant, or any person whom the government contends is a co-conspirator, employee or agent of defendant, regardless of whether the government intends to produce evidence or testimony regarding such statements or call any such person(s) as a witness at any stage of the proceedings in this case.

Page 6 – DEFENDANT'S REQUEST FOR DISCOVERY

**BOISE MATTHEWS LLP**
121 SW Morrison St. Suite 700
Portland, OR 97204
Telephone: (503) 228-0487
Facsimile: (503) 227-5984

7.    Production of any book, paper, document, photograph or tangible item which the government:

(a)    Obtained from or which it may alleged belonged to defendant;

(b)    Obtained from or which it may be alleged was located at defendant's residence, place of business, in his vehicle or at some other place in which defendant had a reasonable expectation of privacy; and

(c)    Will use at any pretrial hearing or at trial.

8.    All records of the government pertaining to, discussing or describing any matter or transaction to which defendant, any agent, employee or servant of defendant, or any person whom the government may contend participated in such matter or transaction on behalf of a defendant was a party, concerning which the government intends to offer evidence.

9.    All reports, including scientific tests ordered by or under the auspices of any state and federal regulatory or investigative agency concerning any tangible items involved here, regardless of whether the government intends to offer such evidence at any stage of the proceedings.

10.    Disclosure of the following:

(a)    Evidence relating to any act of defendant, or any alleged accomplice, whether charged as a co-defendant or not, of a nature similar to that alleged in the indictment. Fed. R. Evid. 404(b);

(b)    Computer printouts, FBI or local law enforcement record forms, judgment orders or other documents reflecting any arrest, prior conviction, or administrative sanction imposed on any person whom the government may call or intend to call as a witness. This request includes, but is not limited to, all Fed. R. Evid. 404 evidence of such person, including, but not limited to, all informants. *See, e.g., United States v. Steinberg*, 99 F.3d 1486 (9th Cir. 1996); *United States v. McCourt,* 925 F.2d 229 (9th Cir. 1991);

Page 7 – DEFENDANT'S REQUEST FOR DISCOVERY

(c)     All information or material regarding any financial, protective, employment, personal, or other similar relationship that has existed or presently exists between the government and any potential witness or other person who was or may have been present at, party to, or aware of any fact, act, circumstance or event involved in any transaction pertinent to this indictment;

(d)     All information or material reflecting or relating to whether the government has made or attempted to make any promise, assurance, or arrangement with any person or prospective witness in this case, either expressed or implied, securing the assistance and/or testimony of such person or witness for the government;

(e)     Whether or not the government has contacted any judge or correction official having jurisdiction over any person who may be summoned as a witness by the government; and, if so, the names and addresses of same and the contents of such communications;

(f)     Whether or not the government has contacted any prosecution, probation or parole officer or person holding comparable position of authority or responsibility over any person who may be summoned as a witness by the government; and, if so, the names and addresses of same and the contents of such communications;

(g)     Whether any payment of any sort has been made by the government to any prospective witness; and, if so, disclosure of the following information and material:

(i)     All payment vouchers pertaining to such witness issued by the government or any other agency;

(ii)    Any other documentary records reflecting payment pertaining to such witness;

(iii)   An accounting reflecting the dates and amounts of all such payments;

Page 8 – DEFENDANT'S REQUEST FOR DISCOVERY

(iv)    All records of any other tangible and intangible benefits provided to any such person by any such agency; and

(h)    Whether or not any discussion between any "confidential source" or other person and any government employee has occurred relating to a "claim" by the "confidential source" or other person for a "reward" or other compensation pursuant to any government statute or regulation and copies of any such "claim" which have been submitted.

11.    Disclosure of the following information and material to defendant:

(a)    Identification of all witnesses who will provide expert testimony, their qualifications, the subject of their testimony, and all reports and examinations conducted by or relied upon by such persons. Rules 702, 703 and 705, Fed. R. Evid. This includes, but is not limited to, law enforcement officers. *See United States v. Plunk,* 153 F.3d 1011 (9th Cir. 1998);

(b)    Reports of tests, physical or mental examinations of any person who may be a witness in this case; and

(c)    Reports or scientific tests, experiments or comparisons and other reports of experts under the control of or known to the government which the government intends to rely on to establish any material matter relating to the allegations of the indictment.

12.    All information and material (including search and arrest warrant affidavits) concerning any search and arrest, including, but not limited to, the observation of any matter about which a witness may be asked to testify at any stage of this proceeding or the seizure of any tangible or intangible items, whether or not the government intends to offer such at any stage of this proceeding. This request encompasses all information obtained from any observation, search or seizure, all evidence about the circumstances of such search or seizure, and the circumstances of the acquisition of any evidence from such. This request is made in good faith

Page 9 – DEFENDANT'S REQUEST FOR DISCOVERY

and in the interest of justice under Federal Rule of Criminal Procedure 41. This request includes videotapes of the execution of any search warrants and all "master plans" prepared for execution of all warrants, arrest and search.

13.    All information and material pertaining to any electronic surveillance or video or audio recording of defendant or of any person whom the government may contend to be an agent, employee, servant, co-conspirator or accomplice of defendant, or any telephone number concerning which the government sought to obtain, or obtained, and/or intends to offer in evidence here. This request includes:

(a)    All records and reports of pen registers;

(b)    All records and reports of all telephone conversations whether land lines or cellular;

(c)    All records and reports of all conversations recorded by any listening device, including, but not limited to, microphone;

(d)    All telephone toll records; and

(e)    All records of or recording signals from any electronic tracking device (beeper).

14.    All information and material relating to any tangible item, document or other material or sample which has been destroyed, including all information and material relating to the destruction process itself.

15.    All information and material regarding any suggestion, invitation or other inducement made to defendant by any other person (whether or not acknowledged by the government to have been serving as a law enforcement agent or employee or under the supervision of a law enforcement agent or employee) to engage in any activity described in the Indictment and/or tending to show entrapment of defendant, including, but not limited to, all records of contacts, communications, agreements, whether direct or indirect, explicit or implicit,

Page 10 – DEFENDANT'S REQUEST FOR DISCOVERY

between law enforcement personnel and defendant, or between defendant and the person identified as "confidential source(s)" or similar term.

16.    All information and material relating to or otherwise tending to reflect (1) efforts by the government to induce or procure persons to accuse or impose responsibility on defendant for any criminal act; and (2) efforts by agents or employees of the government to fabricate evidence about defendant (including evidence tending falsely to show or suggest that defendant had participated in the commission of any criminal acts).

17.    All information and material obtained from any telephone company, bank, savings and loan, financial institution, brokerage firm, utility or other similar institution or company, public or not, pertaining to any account or transaction of defendant, whether intended to be used at trial or not, and all documentation used in obtaining such material and information, *i.e.*, grand jury subpoena, etc.

18.    All information and material obtained from governmental agencies about defendant that she would be entitled to receive upon request to said agency (*i.e.,* motor vehicle records, military records, etc.).

19.    All photographs of defendant taken during surveillance or obtained otherwise, including, but not limited to, videotapes and photographs of the residence of defendant.

20.    A written list of names and addresses of all persons having knowledge of relevant facts that the government will not call as witnesses at trial. *United States v. Cadet,* 727 F.2d 1453 (9th Cir. 1984).

21.    All logs and other records, surveillance records, photographs or motion picture records, or videotape records, including photocopies pertaining to defendant.

22.    All logs and other records of all mail matter sent to or by defendant, which has been subject to a mail cover or mail opening by the government, during the investigation leading to the instant Indictment.

Page 11 – DEFENDANT'S REQUEST FOR DISCOVERY

23.    All documents, exhibits, graphs, displays, charts, computer printouts, and photographs which the government may or presently intends to use and/or offer at trial.

24.    All tax returns or tax records, whatever their nature, and all supporting materials, of defendant and witnesses which are in the possession of the government, and which have been seen, reviewed, or referred to in any way by government personnel in connection with this case or the investigation preceding the return of this Indictment.

25.    All financial reviews, whatever their nature and all supporting materials, of defendant and witnesses which are in the possession of the government, and which have been seen, reviewed, or referred to in any way by government personnel in connection with this case or the investigation preceding the return of this Indictment.

26.    All applications to any Court for any Orders permitting an intrusion into the privacy of defendant of whatever kind.

27.    Disclosure of all procedures used for purposes of identification, including, but not limited to, photographic displays.

DATED this 14th day of May, 2025.

Respectfully submitted,

BOISE MATTHEWS LLP

*/s/ Whitney P. Boise*
WHITNEY P. BOISE, OSB No. 851570
whitney@boisematthews.com
(503) 228-0487
Of Attorneys for Defendant
Jason David Campos

Page 12 – DEFENDANT'S REQUEST FOR DISCOVERY