**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No.: 3:25–cr–00131–IM |
| Plaintiff, | |
| v. | **CRIMINAL TRIAL MANAGEMENT ORDER** |
| **JASON DAVID CAMPOS** | |
| Defendant. | |

**IMMERGUT, District Judge.**

Unless otherwise ordered by the Court, the parties shall comply with the following requirements when requesting a continuance of the trial date and submitting trial documents.

**MOTIONS TO CONTINUE**

Any motion to continue trial must be in writing and submitted *no later* than Noon on the Tuesday **four weeks before the existing trial date**. The Motion shall be accompanied by:

1. An affidavit or other source of evidence from which the Court may make factual findings sufficient under the Speedy Trial Act to allow a continuance, including but not limited to:
    a. The calendaring history of the case, including the number of previous continuances, and a computation of the time riaining under the Speedy Trial Act calculated from the filing of the charging instrument or Defendant's first appearance, whichever is later;
    b. The reasons a continuance is necessary, stated with sufficient specificity[1] to permit the Court to make findings concerning both the necessity for and the length of a continuance;
    c. The *facts* from which the Court may conclude the moving Defendant understands the rights provided by the Speedy Trial Act but agrees with the proposed continuance for the purposes stated and the length requested;
    d. The positions of all other parties concerning the proposed continuance; and
    e. A calculation of the time the moving Defendant has been in custody solely because the Defendant is awaiting trial (18 U.S.C. § 3164(c)).
2. **For a third and any subsequent Motion to Continue, this Court requires a waiver of the right to a speedy trial signed by the Defendant before this Court will consider the motion.**
3. The parties are ordered to notify this Court **no later than five (5) weeks in advance of the scheduled trial date** if the parties expect the matter to go to trial as scheduled so that enough jurors are summoned. The parties are further ordered at that same time to provide this Court with an updated estimate of the total length of trial at that time.

---

[1] If necessary to prevent disclosure of work product or other privileged material, a party may submit an additional affidavit under seal setting out the facts that warrant a continuance.

## TRIAL DOCUMENTS

1. **Twenty–one (21) days prior to the Pretrial Conference,** the parties shall file:
    a. **Trial Memoranda**
        Provide a brief summary of all material factual and legal contentions along with the elements of each claim and/or defense. Trial memoranda are limited to 15 pages unless a party seeks leave of the court.
    b. **Motions in limine**
        The parties must include information about efforts to confer and provide the legal basis to admit or exclude evidence and opposing counsel's position. Responses to motions in limine are due seven (7) days after the initial motions are filed.
    c. **Jointly Proposed *Voir Dire***
        i. The jointly proposed *voir dire* must be formatted in accordance with Exhibit A.
        ii. Parties may note any objections in a comment/footnote or provide alternative questions.
        iii. Jointly proposed *voir dire* shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format**.
    d. **Jointly Proposed Agreed Upon Jury Instructions**
        i. The parties are ordered to jointly file **in a single document** the jury instructions to which the parties agree.
        ii. Any modifications from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2017 Edition, Last Updated December 2022) shall be clearly shown in bold font.
        iii. Jointly proposed agreed upon jury instructions shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format**.
    e. **Contested Jury Instructions**
        i. The parties are ordered to jointly file **in a single document**, separately from the jointly proposed agreed upon jury instructions, proposed jury instructions which are contested.
        ii. For all proposed jury instructions on which the parties do not agree, the party proposing the instruction must state concisely at the end of each such instruction why the proffered instruction is a correct statement of the law and why the Court should prefer that proposed instruction over any offered by the opposing party.
        iii. The party opposing the instruction also must state concisely at the end of each such instruction why it is not a correct statement of the law and must set forth the form of instruction requested in lieu thereof together with the reasons why the Court should give that form of instruction.
        iv. Any modifications from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2017 Edition, Last Updated December 2022) shall be clearly shown in bold font.
        v. Contested jury instructions shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format**.
    f. **Witness List**
        i. The parties are ordered to separately file a witness list that identifies all proposed trial witnesses and indicates: (1) all witnesses whose testimony may be received without objection; (2) all other witness testimony that will be the subject of objection together with a concise summary of the challenged testimony, a one–line statement of the admissible purposes for which that challenged testimony is proffered, and a one–line summary statement of the bases for all objections to that proffered testimony; (3) summaries of any expert testimony; and (4) an estimate of the time necessary to complete the testimony of each witness.
        ii. Witness lists shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format**.

- g. **Joint Exhibit List**
    - i. The parties are ordered to jointly file an exhibit list that identifies (1) all stipulated exhibits that may be received without objection; and (2) all remaining exhibits to be offered by any party and a one–line summary statement of the bases for all objections to any proffered exhibit.
    - ii. The joint exhibit should be formatted in conformance with Exhibit B.
    - iii. The joint exhibit list shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format**.
    - iv. Copies of contested exhibits must be attached by the offering party to the Judge's copy of the proposed exhibit list. Contested exhibits should be indexed, tabbed, and three–hole punched down the left side. If there are numerous contested exhibits, they shall be placed in a binder clearly marked as Government or Defendant's exhibits. The Government's exhibits shall be numbered beginning with 1 through 99 and no subparts; Defendant's exhibits shall be numbered beginning with 101–199 and no subparts. If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions.
    - v. **No original trial exhibits shall be filed with the Clerk of Court or CM/ECF.** All original exhibits shall be brought to Court by the parties on the first day of trial. Parties shall provide the Court with copies of all trial exhibits indexed, tabbed, three–hole punched down the left side, and placed in a binder clearly marked on the outside of the binder whether they are Plaintiff or Defendant's exhibits As noted, the Government's exhibits shall be numbered beginning with 1 through 99 and no subparts; Defendant's exhibits shall be numbered beginning with 101–199 and no subparts. If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions.
- h. **Jointly Proposed Verdict**
    - i. The jointly proposed verdict form shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format**.
    - ii. **If the parties cannot agree on a joint verdict form, the parties are ordered to jointly file a document that includes the Government and Defendant's proposed verdict form.** For each proposed verdict form, the party proposing the form must state concisely why the proffered form is a correct statement of the law and why the Court should prefer that proposed form over any offered by the opposing party.

2. **Fourteen (14) days prior to the Pretrial Conference,** the parties shall file:

   Responses to motions in limine

To the extent feasible the Court intends to rule on all objections at the pretrial conference and to admit into evidence at that time all exhibits that qualify. Except in unusual circumstances, therefore, the Court does not intend to take up issues of admissibility during trial.

**IT IS SO ORDERED.**

**DATED** this 1st day of August, 2025       /s/Karin J. Immergut

                                             Honorable Karin J. Immergut
                                             United States District Judge.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No.: 3:25–cr–00131–IM |
|     Plaintiff, | |
| v. | **EXHIBIT A: JOINTLY PROPOSED** *VOIRE DIRE* |
| **JASON DAVID CAMPOS** | |
|     Defendant. | |

**A.  Biographical Information**
1. Juror Number
2. Area and length of residence (not your address)
3. Your occupation
4. Your highest level of education
5. Who resides with you – their occupation/level of education?
6. What hobbies or activities do you enjoy?
7. What organizations do you belong to?
8. Have you ever appeared in a court proceeding as a juror, grand juror, witness, or party?
   a. Juror
      i. If you have been a juror, when, and in which court?
      ii. What was the nature of any prior cases on which you served?
      iii. Without saying what any verdict was, was the jury able to reach a jury verdict?
      iv. Is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror on this case?
   b. Grand Juror
      i. If you have been a grand juror, when, and in which court?
      ii. Is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?
      iii. If you have been a witness or party, when, and what type of case?
      iv. Is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?
   c. Witness/Party
      i. If you have been a witness or party, when, and what type of case?
      ii. Is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

**B.  Familiarity with Crime Victims and Law Enforcement**
1. Have you, any member of your immediate family, or a close personal associate been the victim of a crime?
   a. If so, what was the nature of the crime?
   b. Is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?
2. Have you, any member of your immediate family, or a close personal associate been the subject of a criminal investigation, been charged with, or been convicted of a

      crime (other than minor matters like traffic tickets)?
- a. If so, please explain, including the nature of the crime.
- b. Is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

3. Have you or an immediate family member ever worked for, or sought employment by, a law enforcement agency?

   If so, please identify the family member, and that member's connection to law enforcement.

4. Have you or an immediate family member ever worked for, or sought employment by, any of the following: a U.S. Attorney's Office, the U.S. Department of Justice, the Oregon Department of Justice, any district attorney's office, a criminal public defender's office or with a private criminal defense attorney, a private investigator, any prison, jail, probation department, or parole agency?
   - a. If so, please identify the family member, and that member's connection to law enforcement.
   - b. Is there anything about that relationship that would make it hard for you to evaluate law enforcement witnesses just like you would any other witnesses?

5. Have you or anyone close to you ever had education, training, or job–related experiences that has taught you anything about the any of the following fields (please explain if yes):
   - a. Law, courts, or criminal justice?
   - b. Law enforcement?
   - c. Crime scene investigation or forensic evidence?

6. Have you, an immediate family member, or a close personal associate ever had a particularly negative or particularly positive experience with a federal, state, or local law enforcement officer or agency?
   - a. If so, please explain.
   - b. Is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

**C.  Case–Specific Questions (Examples)**

1. Have you been a victim of domestic violence or know someone who has?
   - a. When did this happen?
   - b. Was the incident processed through the court system?
   - c. Did you go to court?
   - d. Is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

2. Have you, an immediate family member, or a close personal associate been impacted by gun violence?
   - a. If so, please explain.
   - b. Is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

3. Do you, or does anyone in your family, own a firearm? If so, how many and what kinds?

4. How familiar are you with the basic functioning of firearms and firearm safety?

The lawyers will now have an opportunity to ask you additional questions.

**[Questioning by Defense counsel – 15 minutes]**

**[Questioning by Government counsel – 15 minutes]**

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

**UNITED STATES OF AMERICA**
    Plaintiff,

**v.**

**JASON DAVID CAMPOS**
    Defendant.

Case No.: 3:25−cr−00131−IM

**EXHIBIT B: JOINT EXHIBIT LIST**

| | | | PLAINTIFF'S EXHIBITS | | | |
|---|---|---|---|---|---|---|
| No. | Description | Stipulated | Objection(s) | Pre−Admit. *(Court Use Only)* | Ident. *(Court Use Only)* | Admit. *(Court Use Only)* |
| 1 | | | *Ex: FRE 403 (unfair prejudice); FRE 801 (hearsay)* | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| | | | **DEFENDANT'S EXHIBITS** | | | |
| No. | Description | Stipulated | Objection(s) | Pre−Admit. *(Court Use Only)* | Ident. *(Court Use Only)* | Admit. *(Court Use Only)* |
| 101 | | | | | | |
| 102 | | | | | | |
| 103 | | | | | | |
| 104 | | | | | | |

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> Plaintiff, <br><br> v. <br><br> **JASON DAVID CAMPOS** <br> Defendant. | Case No.: 3:25−cr−00131−IM <br><br> **SUPPLEMENTAL JURY TRIAL MANAGEMENT ORDER REGARDING THE JERS SYSTEM** |

    To facilitate the use of the Jury Evidence Recording System (JERS) during trial in this action:

    **IT IS HEREBY ORDERED** that no later than , the parties shall submit their trial exhibits to the Court in electronic form per the instructions in the *Submission Requirements for Electronic Trial Exhibits* document found at <u>ord.uscourts.gov/jers−exhibits</u>.

    Counsel shall contact the Courtroom Deputy to schedule a time to test the parties' exhibit presentation in the courtroom. Counsel may wish to have present staff that assisted in the preparation of exhibits.

    **DATED** this 1st day of August, 2025    /s/Karin J. Immergut

                                                                 Honorable Karin J. Immergut <br>
                                                                 United States District Judge.